United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Sunali Raval, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 22-20973-Civ-Scola |
| Broward Co. Police and others, | ) |
| Defendants. | ) |

### Order Dismissing Case

Previously, the Court reviewed pro se Plaintiff Sunali Raval's complaint and struck it, finding that it was a shotgun pleading. (Order, ECF No. 8.) The Court ordered Raval to replead her case, if she could, in good faith, allege facts supporting a viable claim for relief against any of the Defendants. (Order, ECF No. 8.) Accordingly, the Court ordered Raval to file her amended complaint, by April 25, 2022, if she wished to proceed further with her case. (*Id.*) Since then, Raval filed what she captioned, "Amended Motion/Petition for Return of Seized Property." (ECF No. 9.) There is no indication that Raval intended this filing to serve as an amended pleading. And, because she has not submitted anything else, the Court concludes Raval has failed to comply with the Court's orders and the time to do has now passed. It appears, then, that Raval has abandoned the prosecution of her case and, therefore, the Court dismisses it, without prejudice. *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962) (recognizing that courts are vested with the inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases" and "to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief").

On the other hand, should Raval notify the Court that her filing was, indeed, intended to serve as an amended pleading, the Court will amend its dismissal to one *with* prejudice. As an amended complaint, this putative pleading is wholly deficient, failing to state any viable claim for relief.

First, in her amended complaint, Raval references several federal statutory provisions and alleges, generally, that they were all "disregarded when seizing the plaintiff's assets." (Am. Compl. ¶ 1.) She then alleges her case has been presented within the relevant statute of limitations and that an investigation will substantiate her claims against various Defendants. (*Id.* ¶¶ 3–4.) Nothing else in her short, one-page, handwritten filing provides any further clarification as to the nature of her claims. In short, the pleading fails to come

anywhere close to articulating "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In sum, it appears Raval has abandoned the prosecution of this matter by failing to file an amended pleading, as ordered. The Court therefore **dismisses** this case **without prejudice**, and directs the Clerk of the Court to **close** the matter. All other pending motions are **denied as moot**.

If, however, Raval intended her April 15 filing to serve as an amended pleading, she must so notify the Court, on or before **May 16, 2022**, and the Court will, for the reasons set forth above, amend this dismissal order to reflect that it is *with* prejudice.

**Done and ordered**, at Miami, Florida, on May 2, 2022.

_____
Robert N. Scola, Jr.
United States District Judge